THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IGNACY GREEN, PATRICK COOPER, and all those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. |
| -vs- | ) ) ) | FILED: JANUARY 30, 2009 |
| THE UPS HEALTH AND WELFARE PACKAGE FOR RETIRED EMPLOYEES and UPS HEALTH AND WELFARE PACKAGE FOR RETIRED EMPLOYEES, UNITED PARCEL SERVICE OF AMERICA, INC., PLAN ADMINISTRATOR, | ) ) ) ) ) ) ) | 09CV0616 JUDGE KENNELLY MAGISTRATE JUDGE MASON EDA |
| Defendants. | ) | |

COMPLAINT

Plaintiffs allege as follows:

INTRODUCTION

1. This action is brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. by participants in the UPS Health and Welfare Package for Retired Employees ("Plan"). The participants and their beneficiaries allege that the Plan and the Plan Administrator, the UPS Health and Welfare Package for Retired Employees, United Parcel Service of America ("Administrator") violated the Plan document by increasing the premiums for health insurance under the Plan and, therefore, in violation of the fiduciary duty owed to the participants and beneficiaries, pursuant to 29 U.S.C. § 1104(a)(1)(D). An increase in premiums is authorized only if the average cost of the Plan exceeds $6,250 and then "additional contributions would not be implemented until after the current collective bargaining agreement." (p. 87 of the Plan). Furthermore, any increase in contributions will be shared equally.

## JURISDICTION and VENUE

2  This court has jurisdiction to hear this action pursuant to 29 U.S.C. § 1132(e)(1) and 28U.S.C. § 1331.

3.  Venue is proper in the Northern District of Illinois as that is the district in which the breach took place. *See* 29 U.S.C. § 1132(e)(2).

## PARTIES

### Plaintiffs

4.  Plaintiff Ignacy Green is 59 years old and resides in Indian Creek, Illinois. He is a Local 705 retiree, having retired from UPS in 2007 after being employed there for approximately 33 years as a driver. He and his wife live on his pension which is approximately $39,600 per year and her income as a secretary which is about $30,000 per year. Their only medical insurance is through the Plan. The Greens also help provide for Mr. Green's mother, who is 85 years old and lives on $800 per month in social security, and for their daughter, son-in-law, and grandchild, because their son-in-law is a carpenter who is presently unemployed.

5.  Plaintiff Patrick Cooper is 60 years old and resides in Chicago, Illinois. He is a Local 705 retiree, having retired from UPS in 2004 after being employed there for 31 years as a driver. His wife is 55 years old. Mr. Cooper has health insurance under Medicare and the Plan, but his wife's only health insurance is through the Plan.

6.  Green and Cooper seek to represent all participants and beneficiaries, and request that the court certify a class of all such persons pursuant to Fed. R. Civ. P. 23(a) and (b)(2) because:

a)     The class of participants is so numerous that joinder of all members is impractical in that there are approximately 465 Local 705 participants and the class of all Local 705 participant family members is approximately 800 persons and perhaps more. Defendants have precise information as to the size of the class.

b)     There are questions of law and fact common to the class in that Defendants raised the premiums for all Local 705 participant family members and whether Defendants' conduct in doing so conflicts with ERISA is the legal question at issue and is common to all class members.

c)     The claims brought by Green and Cooper, the putative representative parties, are typical of the claims of the class in that Green and Cooper challenge whether Defendants violated ERISA by raising the premium required to be paid by participants to maintain their eligibility.

d)     The representative parties will fairly and adequately represent the class in that they will have the financial support of Teamsters Local 705, which has the resources necessary to prosecute this action, and their attorneys are experienced in representing plaintiffs in class actions.

e)     The Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

**Defendants**

7.     Defendant UPS Health and Welfare Package for Retired Employees ("Plan") is a "welfare benefit plan" as defined in ERISA, 29 U.S.C. § 1002(1), and is covered by Title I of

ERISA.

8. UPS Health and Welfare Package for Retired Employees, United Parcel Service of America, Inc. is the "administrator" of the Plan within the meaning of 29 U.S.C. § 1002(16)(A) and, as such, it is an entity that may be sued for violations of ERISA. *See* 29 U.S.C. § 1132(d).

9. United Parcel Service of America, Inc. ("UPS") is the Employer and Plan Sponsor associated with Defendant Plan.

## FACT

10. UPS has entered into and currently is party to a collective bargaining agreement with the International Brotherhood of Teamsters, Local 705 ("705").

11. The collective bargaining agreement between UPS and 705 is known as the "Teamsters 705 United Parcel Service Agreement" ("Agreement").

12. The current Agreement began August 1, 2008 and extends through July 31, 2013.

13. Article 34, Section 1 of the Agreement states that "Health and Welfare insurance will be provided for full time employees and retired employees during the term of this Agreement as outlined in the new UPS Health and Welfare Package Summary Plan Description."

14. The Summary Plan Description ("SPD") referred to in the Agreement is the Plan.

15. The SPD states, regarding contributions to the Plan on page 87 as follows:

> Contribution
> All retired employees are responsible for a $50 per month contribution for their medical coverage. This contribution covers the retired employee, spouse and any eligible dependent children.

16. The SPD states, regarding Average Annual Cost of the Plan on page 87 as follows:

> Average Annual Cost
> The average annual cost per participant is defined as the total claims paid by the Plan in a calendar year, divided by the total number of Plan participants during that year. Each retired employee, each spouse, and each eligible dependent would be considered a Plan participant.
>
> If the average annual cost per participant exceeds $6,250, each retired employee will share equally in the cost above the $6,250 maximum by making an additional contribution.
>
> The $6,250 maximum cost per participant is subject to future negotiations. If required, the additional contributions would not be implemented until after the expiration of the current collective bargaining agreement.

17. The Agreement does not require contributions to the Plan by its participants in any amount in addition to the $50 per month contribution required by the SPD.

18. At the negotiations over the Agreement, UPS representatives provided verbal verification to 705 representatives that the contribution to the Plan would not be increased during the term of the Agreement.

19. Although there are approximately 465 Local 705 retiree participants who are participants in the Plan, the total number of Plan participants is over approximately 75,000.

20. Pursuant to 29 U.S.C. §§ 1021 and 1022, the defendants have issued a Summary Plan Description ("SPD") of the Plan.

21. The SPD provides that "[i]f the average annual cost per participant exceeds $6,250, *each* retired employee will share equally in the cost above the $6,250 maximum by making an additional contribution." (Emphasis added).

22. All participants had been paying $50 per month for individual, spouse and family coverage.

23. Sometime prior to January 10, 2009, the Administrator issued a notice to the Local 705 retiree participants advising them that "[t]he average annual cost per participant in the UPS Health & Welfare Package for Retired employees has exceeded $6,250," and that after February 1, 2009, each Local 705 retiree would be required to pay $157.58 per month for individual coverage, $315.17 for individual plus spousal coverage, $315.17 for individual plus children coverage, and $472.75 for individual plus full family coverage.

24. The Administrator sent this notice *only* to the Local 705 retiree participants, not to all the participants in the plan. Accordingly, contrary to the SPD, each retiree is *not* sharing equally in the cost above $6,250.

## CLAIM

25. ERISA defines the fiduciary duties owed by plan administrators to the participants and beneficiaries of welfare plans as including the duty to "discharge his duty with respect to a plan ... in accordance with the documents and instruments governing the plan...." 29 U.S.C. § 1104(a)(2).

26. One of the documents and instruments with which an administrator must comply is the SPD.

27. Charging anything more than $50 per month, per participant, violates the SPD.

28. Charging the average cost that exceeds $6,250 to only the Local 705 participants instead of assuring that each participant shares equally violates the SPD and therefore violates the fiduciary duty an administrator owes participants and beneficiaries under 29 U.S.C. § 1104(a)(2).

## RELIEF

29. The group of Local 705 participant families is comprised largely of seniors on relatively small, fixed incomes who depend on the health insurance provided by the Plan to pay for their health care costs.

30. The Local 705 participant families will suffer irreparable injury if they are made to bear very substantial increases in medical insurance premiums in that many will be unable to afford them and run the risk of being without treatment for serious medical conditions, or foregoing other essentials to pay for the increased cost of their medical insurance.

31. Defendants will not suffer harm by granting of injunctive relief because it can recover the average cost that exceeds $6,250 by imposing those excess costs on all retired participants.

32. Charging the average cost that exceeds $6,250 to only the Local 705 participants instead of assuring that each retired participant shares equally in those excess costs imposes an enormous financial burden on the Local 705 participants and the Local 705 participant families.

33. The public will be served by assuring that the Local 705 participant families remained fully insured under the Plan.

33. Plaintiffs are likely to succeed on the merits of their claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief from defendants as follows:

A. Certification of a class comprised of the Local 705 participant families.

B. Injunctive and declaratory relief, as the Court deems just and appropriate. In particular, Plaintiffs seek an injunction prohibiting defendants from imposing any excess costs of

health insurance on them except to the extent that any such increase costs imposed on Plaintiffs are shared equally by all participants in the Plan.

    C.    Recovery of any excess premiums paid by any members of the class.

    D.    Attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

    E.    Such other relief as the Court deems just.

DATED:    January 30, 2009


By:    /s/ Stephen J. Rosenblat
One of the attorneys for Plaintiffs


Jeffrey B. Gilbert
Johnson, Jones, Snelling,
    Gilbert & Davis, PC
36 South Wabash St, Suite 1310
Chicago, IL 60603
Phone: (312) 578-8100
Fax: (312) 422-0708
jgilbert@jjsgd.com

Stephen J. Rosenblat
Patrick N. Ryan
Baum Sigman Auerbach & Neuman, Ltd.
200 West Adams St., Suite 2200
Chicago IL 60606-5231
Phone: (312) 236-4316
Fax:    (312) 236-0241
srosenblat@baumsigman.com
pryan@baumsigman.com


i:\705\green v. ups\complaint.01-30-09.sjr.kp.rtf